B420A (Official Form 20A) (Notice of Motion or Objection) (12/16)

# United States Bankruptcy Court
### Eastern District of Virginia

In re **Civitas Health Services, Inc.**

Debtor

Case No. **19-34993**

Address **5663 South Laburnam Avenue**
**Henrico, VA 23231**

Chapter **11**

Last four digits of Social Security or Individual Tax-payer Identification (ITIN) No(s).,(if any): **26-2277735**
Employer's Tax Identification (EIN) No(s). (if any): **26-2277735**

MOTION FOR ORDER AUTHORIZING DEBTOR TO MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND CONTINUE TO USE EXISTING CASH MANAGEMENT SYSTEM

Debtor by undersigned counsel, hereby moves the Court for entry of an order, the proposed form of which is attached hereto as Exhibit A, pursuant to sections 105(a), 345(b), 363(c)(1) and 364 of Title 11 of the United States Code, 11 U.S.C. sections 101-1532 authorizing the debtor to maintain existing bank accounts and business forms and to continue to use its existing cash management system. In support of this Motion, the Debtor relies on the Declaration of Lemar Bowers and as follows:

1. The Court has jurisdiction over this matter pursuant to 28 USC secs. 157 and 1334(b). Venue is proper pursuant to 28 USC secs 1408 and 1409. This matter is a core proceeding within the meaning of 28 USC sec. 157(b)(2).

2. The predicates for the relief requested herein are sections 105(a), 345, 363(c)(1) and 364 of

the Bankruptcy Code.

3. On September 24, 2019 the debtor filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. The debtor continues to operate its business and manage its property as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5 No creditors committee has been appointed, and no trustee or examiner has been appointed.

6 A full description of Debtor's business operations, corporate structure capital structure and reasons for commencing this case is set forth in the Bowers Declaration. Additional facts in support of the specific relief sought are set forth below.

7. As part of its cash management system, the debtor maintains and holds several bank accounts with Wells Fargo and BB& T: Wells Fargo Account #7226 (operating), Wells Fargo #4199 (savings) and BB&T #5134 operating.

8. The debtor seeks an order authorizing the Debtor to maintain existing bank accounts and business forms and continue to use it existing cash management system and waiving the requirements of section 345(b) of the Bankruptcy Code. Without the requested relief the Debtor may suffer undue and severe disruption to the collection of accounts receivable and its cash flow.

9. The debtor receive more than 95% of its revenue for services through EFT payments from medicaid and insurance companies. They are deposited into the debtor's Wells Fargo Operating Account ending in 7226. Giving notice to CAQH to change EFT payments to a new debtor in possession account would cause CAQH automatically to cancel ETF payments to the existing Wells Fargo account 7226. Paper checks would then generate from the payors (which may take 2 to 3 weeks to receive), and it will likely take 30 to 45 days to reinstate (to the new account) our

EFT payment status with the payors.  This would have a material negative impact to the debtor's cash flow and cause severe disruption in the debtor's operations including disruption of payroll and  payments to essential vendors, as it would delay the debtor's receipt of between $75,000 and $150,000 of account receivables.  Bankruptcy courts have waived the requirements that debtors close their existing bank accounts and open new bank accounts where the requirement does not serve the rehabilitative purpose of chapter 11. See, e.g., In re AMF Bowling Worldwide Inc. (Case No. 12-36495 (KRH) (Bankr. E.D. Va. November 14, 2012); In re S&K Famous Brands, Case No. 09-30805 (KRH) (Bankr. E.D. Va. February 9, 2009)

10.  As of the petition date, in the ordinary course of business, the Debtor utilizes a cash management system to collect, concentrate and disburse funds generated by the Debtor's operations. In order to lessen the disruption caused by the bankruptcy filing and maximize the value of its estate in this case, it is vital for the debtor that it maintain its systems of managing cash.

11. QuickBase is the system that  the debtor use as our full revenue cycle management system and is used to submit claims, post insurance payouts to claims, track incoming insurance payouts, track patient responsibility balances, track admissions, research and reprocess denied claims, track patient eligibility and authorizations, track employee productivity, and project future revenue.  QuickBooks Online is the system that we use for journal entries, bookkeeping, implementing and tracking financial transactions, financial reporting and general accounting purposes.  This cash management system has been designed to establish procedures and controls necessary to account for funds in an accurate manner and to facilitate meeting the debtor's financial obligations.  The Debtor maintains current and accurate accounting records of daily cash transactions and submits that preservation of its cash management system will prevent undue disruption and protect the debtor's cash for the benefit of the estate.

12. The cash management system provides significant benefits to the Debtor, including the ability to (a) provide an efficient  method of collecting, transferring and disbursing funds (b)

ensure availability of funds when necessary, and (c) reduce administrative expenses. Moreover, it would be very time consuming and costly for the debtor to establish an entirely new system of accounts and an new cash management system, and doing so would disrupt the debtor's ability to collect accounts receivable.  Section 363(c)(1) of the Bankruptcy Code authorized the debtor to use property of the estate in the ordinary transactions required to operate its business without undue oversight by creditors or the Court.  See, e.g.,  In re Dornier Aviations Inc. 2002 WL 31999222 at 7-8 (Bankr E.D. Va. 2002).  Included within the purview of section 363(c) is a debtor's ability to continue the "routine transactions" necessitated by a debtor's cash management system. Amdura National Distribution Co. v. Amdura Corp, 75 F.3d 1447, 1453 (10th Cir 1996)

12a  Moreover, the Court may also exercise its equitable powers to grant the relief under section 105(a) of the Bankruptcy Code to issue any order process or judgment that is necessary or appropriate to carry out the provisions of this title. 11 U.S.C. sec 105(a)  An integrated cash management system allows efficient utilization of cash resources and recognizes the impracticalities of maintaining separate cash accounts for the many different purposes  that require cash.  The debtor should also be authorized to use its existing business forms without reference to its status as debtor in possession  Changing business forms would be unnecessary and unduly burdensome.  In other cases, Virginia courts have allowed debtors to use their prepetition business forms without the debtor in possession label.  See, e.g. Toys R Us Inc., Case No 17-34655 (KLP) (Bankr. E.D. Va. October 24, 2017)

13. The debtor also also seeks entry of an order granting Wells Fargo and  BB&T authority to continue to treat service and administer the Bank Accounts as accounts of the Debtor, as debtor-in-possession, without interruption and in the usual course of business and to receive and pay all prepetition and postpetition checks drafts wires or automatic clearing house transfers drawn on the bank accounts The Debtor requests that the Court waive the requirements that the debtor make all disbursements by check, as the debtor's normal practice is to use ETFs and wire ACH transfers when needed in lieu of checks.

14. Notwithstanding anything to the contrary, the Debtor requests that the Banks be authorized to accept and honor all representations from the Debtor as to which checks, drafts, wires or ACH transfers should be honored or dishonored, whether such checks drafts wires or ACH transfers are dated prior to on or subsequent to the Petition Date as stated in the attached proposed order

15. The relief requested in this motion is necessary to prevent immediate and irreparable harm pursuant to Rule 6003. The debtor requests that the Court waive the notice requirements of Rule 6004(a) and the 14 day stay under Rule 6004(h).

16. The debtor has served this motion on the US Trustee and all creditors , The Debtor respectively requests that the Court treat this motion as a written memorandum of points and authorities and waive any requirement that the motion be accompanied by a separate memorandum.

Wherefore, the Debtor requests that the Court grant the relief requested herein
.

| Date | **September 25, 2019** | Signature | **/s/ Steven Shareff** |
|---|---|---|---|
| | | Name | **Steven Shareff** |
| | | | **VSB 24323 V** |
| | | Address | **Steven Shareff, Esquire** |
| | | | **PO Box 729** |
| | | | **Louisa, VA 23093** |
| | | | **540 748 2176** |
| | | | **sresearch39@aol.com** |

Certificate of Service

I hereby certify that I served a copy of the foregoing on the US Trustee and all creditors this 29th day of September, 2019.

/s/ Steven Shareff

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>**CIVITAS HEALTH SERVICES INC**<br><br>Debtor.' | **Chapter 11**<br>**Case No. 19-34993** |

**ORDER AUTHORIZING DEBTOR TO MAINTAIN EXISTING
BANK ACCOUNTS AND BUSINESS FORMS AND CONTINUE TO USE
EXISTING CASH MANAGEMENT SYSTEM**

Upon the motion (the "Motion")[2] of Civitas Health Services, Inc., the above-captioned debtor-in-possession (the "Debtor"), for entry of an order, pursuant to sections 105(a), 363(c)(1), and 364 of the Bankruptcy Code, (i) authorizing the Debtor to maintain existing bank accounts and business forms and continue to use their existing cash management system; the Court finds that: (a) it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; (d) the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors; (e) proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; and (f) upon the record herein, and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Therefore,

IT IS HEREBY ORDERED THAT:

1.     The relief requested in the Motion is hereby GRANTED.

2.     The Debtor is authorized and empowered, but not directed, to continue to maintain, operate and make transfers under its cash management system.

3.     The Debtor is authorized and empowered, but not directed, to continue to maintain the Bank Accounts with the same names and account numbers as existed immediately prior to the chapter 11 cases.

4.     Any requirement to establish separate accounts for tax payments is waived.

5.     The Debtor is authorized to deposit funds in and withdraw funds from the Accounts by all usual means, including, but not limited to, checks, wire transfers, electronic funds transfers, automated clearing house transfers ("ACH Transfers") and other debits, and to otherwise treat the pre-petition Accounts for all purposes as debtor-in-possession accounts.

6.     The Debtor is authorized to direct the Banks, and the Banks are authorized and directed, to pay all obligations in accordance with this or any separate order of this Court.

7. All Banks with which the Debtor maintains the Accounts are authorized and directed to continue to maintain, service and administer the Accounts. Each of the Debtor's Banks is authorized to debit the Debtor's accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtor's accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Commencement Date; (ii) all checks or other items deposited in one of Debtor's accounts with such Bank prior to the Commencement Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Commencement Date; and (iii) all undisputed

prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

8. Each of the Debtor's Banks may rely on the representations of the Debtor with respect to whether any check or other payment order drawn or issued by the Debtor prior to the Commencement Date should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party for relying on such representations by the Debtor as provided for herein;

9  Those certain existing deposit agreements between the Debtors and its existing depository and disbursement banks (collectively, the "Banks") shall continue to govern the post-petition cash management relationship between the Debtors and the Banks, and that all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect, (ii) either the Debtors or the Banks may, without further Order of this Court, implement changes to the cash management systems and procedures in the ordinary course of business pursuant to terms of those certain existing deposit agreements, including, without limitation, the opening and closing of bank accounts

10. The Banks shall not be liable to any party on account of (a) following the Debtor's instructions or representations as to any order of this Court, (b) the honoring of any pre-petition check or item in a good faith belief that the Court has authorized such pre-petition check or item to be honored or (c) an innocent mistake made despite implementation of reasonable item handling procedures.

11. The Debtor is authorized to continue to use its existing Business Forms, including without limitation its existing check stock, which forms shall not be required to include the legend "Debtor in Possession" or other similar legend.

12. Any payment from a Bank Account at the request of the Debtor made by a Bank prior to the Petition Date (including any ACH Transfer such Bank is or becomes obligated to settle), or any instruments issued by such Bank on behalf of any Debtor pursuant to a "midnight deadline" or otherwise, shall be deemed to be paid pre-petition, whether or not actually debited from the Bank Account pre-petition.

13. To the extent this Order conflicts with the then applicable order approving the *Motion of Defendant for Interim and Final Orders Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection and Related Relief* [ECF 1 (any such order, the "Cash Collateral Order"), the Cash Collateral Order shall govern and control.

*14.* The Debtor is authorized to open any new bank accounts or close any existing bank accounts as it may deem necessary and appropriate in its sole discretion.

15. The requirement that the Debtor comply with section 345(b) of the Bankruptcy Code is hereby waived.

16. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

17. The notice procedures set forth in the Motion are good and sufficient notice and satisfy Bankruptcy Rule 9014 by providing parties in interest with notice and an opportunity to object and be heard at a hearing.

18. Notwithstanding any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Bankruptcy Rule of the Eastern District of Virginia that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

20. The requirements of Bankruptcy Rule 6003 are satisfied.

21. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

                                                                         _____
                                                              UNITED STATES BANKRUPTCY JUDGE

Entered on Docket:

I ASK FOR THIS:

/s/ Steven Shareff
VAB#24323
PO Box 729
115 West Main Street Suite 1
Louisa VA 23093
(540) 748 2176
sresearch39@aol.com

**CERTIFICATION OF ENDORSEMENT
UNDER LOCAL BANKRUPTCY RULE 9022-1(C).**

    I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

    /s/ Steven Shareff