**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **In re:** | |
| **CIVITAS HEATH SERVICES INC** | **Chapter 11**<br>**Case No. 19-34993** |
| **Debtor.** | |

**CONSENT INTERIM ORDER
AUTHORIZING USE OF CASH COLLATERAL
GRANTING ADEQUATE PROTECTION AND
RELATED RELIEF, AND SCHEDULING A FINAL HEARING**

Upon the motion (the "Motion")[2] of Civitas Health Services Inc,, the above-captioned debtor and debtor-in-possession for entry of an order, pursuant to sections 105, 361, and 363 of the Bankruptcy Code and Bankruptcy Rule 4001, authorizing the Debtor to use cash collateral and granting certain adequate protection and related relied; the Court finds that: (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b); (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interest of the Debtor, its estate and creditors, and is necessary to prevent immediate and irreparable harm to the Debtor, and its estate and operations; (d) proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; (e) the potential Secured Creditors, ie. SPG Advance, On Deck Capital Inc., Direct Capital, Knight Capital Funding, Internal Revenue Service and Virginia Department of Taxation (hereinafter the "Secured Creditors") are adequately protected by virtue of the adequate protection provided herein; and (f) upon

_____
Steven Shareff, Esquire
VSB#24323
115 West Main Street Suite 1
Louisa VA 23093
(540) 748-2176
Sresearch39@aol.com

the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Therefore,

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is hereby GRANTED on an interim basis. The Debtor is authorized to use cash collateral solely in accordance with the Budget attached to the Order as <u>Exhibit B</u> to satisfy (i) any and all pre-Petition Date operating and other expenses approved by the Court, (ii) obligations incurred in the ongoing post-Petition Date operation of the Debtor's business, and (iii) any and all costs and expenses arising in connection with the administration of the Debtor's estate, including, without limitation, for the payment of any fees and expenses owed to professionals employed by the Debtor in this chapter 11 case upon the entry of an order from this Court authorizing the payment of such professional's fees and expenses.

2. While reserving the rights of all parties to contest whether and the extent to which each Secured Creditor has a valid perfected security interest in any of the Debtor's property, for the purpose of providing adequate protection on account of any valid perfected security interests the creditors may have in the Debtor's property as of the Petition Date (collectively, "<u>Creditor's Collateral</u>"), the Creditor is hereby granted as security solely to the extent of the diminution in the value of the Creditor's Collateral, a valid, perfected, and enforceable security interest (the <u>Creditor Replacement Liens</u>") in and upon the Creditor's Collateral in existence as of the Petition Date or thereafter acquired (i) to the extent of any diminution in value of Creditor's interests in the Creditor's Collateral, including, without limitation, any such diminution in value resulting from the use (including, without limitation, use in accordance with this Interim Order) by the Debtor of the cash collateral and any other Creditor's Collateral and the imposition of the automatic stay pursuant to Bankruptcy Code section 362, and (ii) to the same extent, nature, and priority of any security interests held by the Creditor as of the Petition Date.

3. While reserving the rights of all parties to contest whether and the extent to which a creditor has a valid perfected security interests in any of the Debtor's property, for the purpose of providing adequate protection for any valid perfected security interest the each Secured Creditor is hereby granted as security solely to the extent of the diminution in the value of the cash collateral, a valid, perfected, and enforceable security interest subordinate in all respects to the Creditor Replacement Liens in and upon the cash collateral (i) to the extent the cash collateral is used by the Debtor pursuant to the Budget and (ii) to the same extent, nature, and priority of any security interests held by each Creditor as of the Petition Date.

4. The Replacement Liens shall be valid, perfected, enforceable, and effective upon entry of this Interim Order without the necessity of execution, filing, or recordation of any financing statements or security agreements; provided, however, that notwithstanding anything else in this Interim Order, the Replacement Liens shall not encumber or otherwise attach to (a) any causes of action under chapter 5 of the Bankruptcy Code or any proceeds of such causes of action or (b) any property in which the Debtor does not hold an equitable interest, including

without limitation any property in which the Debtor holds only legal title such as funds held in trust.

5. The Debtor is authorized and shall make payments to the Secured Creditor to curtail the Secured Creditor's claims for principal, interest, and expenses to the extent funds are available in accordance with the Budget. The Debtors shall provide each Secured Creditor with a weekly Budget variance report showing actual disbursements and receipts in comparison to the Budget.

6. Subject to the Carve-Out described in paragraph 7 below, if the Replacement Liens and the curtailment payments authorized in this Interim Order are insufficient to protect the Secured Creditor against any diminution in value of the Creditor's Collateral, then the Secured Creditor shall have an administrative expense claim allowable under Bankruptcy Code sections 507(b) and 503(b) having priority over all other costs and expenses of administration of any kind, which claim shall at all times be senior to the rights of the Debtor, or any successor trustee or estate representative in the Chapter 11 case of the Debtor. Any such claim provided to the Secured Creditor as referenced in this paragraph shall be referred to as the "Super-Priority Claim." The Debtor reserves all rights to object to the allowance of any such Super-Priority Claim on any basis, including without limitation, that no diminution in value of the Creditor's Collateral has occurred. In addition to the foregoing, except as otherwise ordered by the Court and in compliance with the Budget, none of Creditor's Collateral may be used to make any payments with respect to any amounts owed as of the Petition Date, except for the payments to the Creditors contemplated above.

7 The Replacement Liens and the Super-Priority Claim, if allowed, shall be subject only to (i) the payment of any unpaid fees payable pursuant to 28 U.S.C. § 1930 and (ii) fees payable to the clerk of the Bankruptcy Court (collectively, the "Carve-Out").

8. Absent a subsequent order of the Court or an agreement between the Debtor and a Creditor, the Debtor's authorization to use cash collateral hereunder shall terminate on October 23, 2019  or

upon the dismissal or conversion of this chapter 11 case or the appointment of a chapter 11 trustee or examiner with expanded powers in this chapter 11 case.

9. Except with respect to the payments to the Creditors authorized in paragraph 5 above, unless and until the Creditor receive additional and appropriate relief from this Court, none of the Creditors shall offset, transfer, diminish, or otherwise draw down on any of the Debtor's accounts and/or assets.

10. The automatic stay under Bankruptcy Code section 362(a) shall be, and hereby is, modified to the extent necessary to permit (i) the Secured Creditor to apply payments made pursuant to paragraph 5 above to curtail the Secured Creditor's claims for principal, interest, and expenses and (ii) to send a notice and exercise any rights and remedies hereunder as set forth herein.

11. Nothing in this Interim Order or the Motion shall be construed as prejudicing the rights of the Debtor or any other party in interest to dispute or contest whether a Creditor has a valid perfected security interest in the cash collateral or any other property of the Debtor's estate.

12. Each Secured Creditor reserves the right to request further or different adequate protection for the period of time after the Debtor's authorization to use cash collateral under this Interim Order has terminated, and the Debtor or any other party may contest any such request. In addition, each Creditor and the Debtor reserve all rights and defenses with respect to any further order or further relief pertaining to cash collateral.

13. The Debtor is authorized and empowered to take all actions necessary to implement thr relief granted in this Interim Order.

14. The final hearing on the Motion is scheduled **on October 23, 2019, at 10:00 a.m.** (prevailing Eastern Time) before this Court (the "Final Hearing").

15. Within three business days of the entry of this Interim Order, the Debtor shall serve a copy of this Interim Order, thereby providing notice of the Final Hearing, on (a) the U.S. Trustee; (b) all Creditors

16. Any objection to the relief requested in the Motion on a permanent basis must, by 4:00 p.m. (prevailing Eastern Time) on October 21, 2019 (the "Objection Deadline"),

be: (a) filed with the Court; and (b) actually received by: (i) the Office of the U.S. Trustee, 701 East Broad Street, Suite 4304, Richmond, Virginia 23219, Attn: Robert B. Van Arsdale, Esq.; (b) proposed counsel for the Debtor, Steven Shareff, Esquire 115 West Main Street Suite 1, PO Box 729 Louisa Virginia 23093 sresearch39@aol.com and (c) the attorneys for any official committee of unsecured creditors, if then appointed in these cases, on or before the Objection Deadline.

17. A reply to any timely filed and served Objection may be filed with the Court and served on or before 12:00 p.m. (prevailing Eastern Time) on the day that is at least one business day before the Final Hearing.

18. The contents of the Motion and the notice procedures set forth herein are good and sufficient notice and satisfy Bankruptcy Rules 4001 and 9014 by providing parties with notice and an opportunity to object and be heard at a hearing.

19. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

20. Notwithstanding any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Interim Order, the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

20a Debtor will file and stay current on payments with post-petition federal and state tax withholding and current on filing any other federal or state tax returns coming due during the administration period.

21. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Interim Order.

Richmond, Virginia
Dated: Oct 4 2019

/s/ Kevin R Huennekens
United States Bankruptcy Judge

**I ASK FOR THIS**:

Entered on Docket: Oct 4 2019

/s/ Steven Shareff, Esquire
VSB#24323
PO Box 729
115 West Main Street Suite 1
Louisa VA 23093
(540) 748 2176
Counsel for the Debtor and Debtor-in-Possession

**SEEN AND AGREED TO:**

/s/Mark K Ames

_____
Mark K. Ames, Esquire
TACS
PO Box 31800
Henrico Va. 23294
804 545 9399
Counsel for Virginia Department of Taxation

/s/ Robert P. Mcintosh

_____
 Robert P. Mcintosh ,Esquire
VSB# 66113
Assistant United States Attorney
919 East Main Street Suite 1919
Richmond Va. 23219
Counsel for the Internal Revenue Service

/s/ Phillip Yates

_____
Phillip Yates, Esquire
Counsel for Knights Capital Funding
110 SE 6th Street Suite 700
Fort Lauderdale, Florida 33301
786 870 4769

/s/ Christini Levi

_____
Christini Levi, Authorized Agent
On Deck Capital Inc.
101 W. Colfax Avenue 10th Floor
Denver, CO 80202
(303) 214 6349

/s/ Ariel Bouskila

_____
Ariel Bouskila, Esquire
Berkovitch and Bouskila PLLC
80 Broad Street Suite 303
New York, New York 10004
(212) 729-1477
Counsel for SPG Advance

/s/ Brian Knox

_____

Brian Knox, Authorized Agent
Senior Legal Recovery Specialist
CIT (formerly Direct Capital)
155 Commerce Way
Portsmouth NH 03801

:**CERTIFICATION OF ENDORSEMENT**
**UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

I hereby certify that the foregoing order has been endorsed or served on all necessary parties.

_____

/s/ Steven Shareff

**PARTIES TO BE SERVED:**

Mark K. Ames, Esquire
TACS
PO Box 31800
Henrico Va. 23294
804 545 9399
Counsel for Virginia Department of Taxation

Robert P. Mcintosh ,Esquire
VSB# 66113
Assistant United States Attorney
919 East Main Street Suite 1919
Richmond Va. 23219
Counsel for the Internal Revenue Service

Phillip Yates, Esquire
Counsel for Knights Capital Funding
110 SE 6th Street Suite 700
Fort Lauderdale, Florida 33301
786 870 4769

Christini Levi, Authorized Agent
On Deck Capital Inc.
101 W. Colfax Avenue 10th Floor
Denver, CO 80202
(303) 214 6349

Ariel Bouskila, Esquire
Berkovitch and Bouskila PLLC
80 Broad Street Suite 303
New York, New York 10004
(212) 729-1477
Counsel for SPG Advance

Brian Knox, Authorized Agent
Senior Legal Recovery Specialist
CIT (formerly Direct Capital)
155 Commerce Way
Portsmouth NH 03801
ADP LLC
PO Box 842875
Boston, MA 02284-2875


AF Byrd
5737 S Laburname Avenue
Building 5
Henrico, VA 23231-0000

Anthem
PO Box 361625
Columbus, OH 43236-0000


AT&T
PO Box 2390
Southgate, MI 48195-0000


Ballentine Manor
PO Box 730
Carrollton, VA 23314-0000


Bill Waddington
909 East Main Street Ste 1200
Richmond, VA 23219-0000


City of Virginia Beach
2401 Courthouse Drive Buld 1
Virginia Beach, VA 23456-0000


Commissioner of Revenue
PO Box 15285
Richmond VA 23228


Commonwealth of Va for DMAS
Attorney General/Jody Allen
900 East Main Street
Richmond, VA 23219-0000


Crowgey and  Associates
1108 East Main Street Ste 600
Richmond, VA 23219-3535


Direct Capital
155 Commerce Way
Portsmouth, NH 03801-0000

E Fax
PO Box 361595
Columbus, OH 43236-0000


Henrico County Finance
PO Box 90775
Henrico, VA 23273-0000


Henrico County Revenue Divisio
PO Box 90775
Henrico, VA 23273-0000


Hirschler Flesicher Attorneys
2100 East Cary Street
Richmond, VA 23223-0000


Hogge Law
500 East Plume Street Ste 800
Richmond, VA 23230-0000


Internal Revenue Services
c/o Ms. M Edwards Revenue Off
410 N 8th Street Room 860
Richmond, VA 23219-4838


Jackson Lewis Legal
701 East Byrd Street 17th Floo
Richmond, VA 23219-0000


Jessica Spain
Atlantic Constructors
1401 Battery Brooke Parkway
Virginia Beach, VA 23455-0000


Kabbage
740 Waukegan Road Ste 404
Deerfield, IL 60015-0000

Knight Capital Funding
9 East Loockermann Street
Suite 202-543
Dover, DE 19901-0000


Lauris Online
419 Salem Avenue
Roanoke, VA 24016-0000


Miller Mechanical
9701 Metroploitan Court
Suite C
Richmond, VA 23236-0000


On Deck
1400 Broadway
New York, NY


Parker Pollard
6802 Paragon Place Suite 230
Richmond, VA 23230-0000


Parker Pollard Wilton and Pead
6802 Paragon Place Suite 300
Richmond, VA 23230-0000


Patient First
PO Box 759041
Baltimore, MD 21275-9041


Paycheck
1175 John Street
West Henrietta, NY 14586-0000


Pitney Bowles
PO Biox 963
Buffalo, NY 14226-0000


Porter Realty
4801 Radford Avenue

PO Box 6482
Richmond, VA 23230-0000


Relias Learning
111 Corning Road Suite 250
Cary, NC 27518-0000


Shred it
2883 Network Place
Chicago, IL 60673-0000


SPG Advance
1221 McDonald Avenue
Brooklyn, NY 11230-0000


Staples Inc
PO Box 361595
Columbus, OH 43236-0000


Stewart Financial Services
13819 Vincent Lane
Midlothian, VA 23114-0000


The Flying Locksmiths
1553 Bradford Road Ste 202
Virginia Beach, VA 23455-0000


The Nesbitt Law Firm
1915 Huguenot Road
Richmond, VA 23235-0000


Tierpoint
12444 POwercourt Drive Ste 450
Saint Louis, MO 63131-0000


United Health Care
UHS Premium Building
PO Box 959782
Saint Louis, MO 63195-9782

Virginia Department of Taxation
PO Box 1777
Richmond, VA 23218-1777


Virginia Employment Commission
703 East Main Street
Richmond VA 23219


Wilson law Group
5000 Monument Avenue
Richmond, VA 23230-0000


Windstream
3 Golf Center Suite 361
Hoffman Estates, IL 60169-0000

**Civitas Health Services**
**Cash Collateral Budget**
**September 22 - November 31, 2019**

| | Sep 22-28, 2019 | Sep 29 - Oct 5, 2019 | Oct 6-12, 2019 | Oct 13-19, 2019 | Oct 20-26, 2019 | Oct 27 - Nov 1, 2019 | NOV 3-9, 2019 | NOV 10-16, 2019 | NOV 17-23, 2019 | NOV 24-30, 2019 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | | | | |
| Cash Receipts | $ 61,819.29 | $ 65,000.00 | $ 69,000.00 | $ 67,000.00 | $ 78,000.00 | $ 69,000.00 | $ 70,000.00 | $ 68,000.00 | $ 82,000.00 | $ 73,000.00 | $ 702,819.29 |
| **Expenses** | | | | | | | | | | | |
| Net Wages | 48,299.52 | 0.00 | 59,746.89 | 16,322.32 | 42,464.43 | 16,322.32 | 42,464.43 | 16,322.32 | 43,464.43 | 16,322.32 | $ 301,728.98 |
| Total 6007 Wages Expense | $ 48,299.52 | $ 0.00 | $ 59,746.89 | $ 16,322.32 | $ 42,464.43 | $ 16,322.32 | $ 42,464.43 | $ 16,322.32 | $ 43,464.43 | $ 16,322.32 | $ 476,155.48 |
| Payroll Tax Expense(Withholding & Matching) | 5,317.85 | | 22,541.69 | 14,275.56 | 6,360.51 | 14,275.56 | 6,360.51 | 14,275.56 | 6,360.51 | 14,275.56 | |
| Utilities | 40.00 | | 1,111.79 | 3,435.79 | 1,484.58 | 1,978.14 | 1,111.79 | 335.58 | 1,249.00 | | 10,746.67 |
| Rent | | | 20,647.69 | | | | 20,647.69 | | | | |
| Employee Training | | | | | | | | | | | |
| Hiring Expenses | 525.00 | | | 506.00 | | | | | | | |
| Program Expenses | 286.00 | | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 3,886.00 |
| Travel | 81.09 | | | | | | | | | | |
| Insurance | 1,176.20 | | 27,241.49 | 3,295.25 | | 15,439.73 | | 1,333.94 | 2,850.72 | 1,360.14 | 52,697.47 |
| Total Insurance | $ 1,176.20 | $ 0.00 | $ 27,241.49 | $ 3,295.25 | $ 0.00 | $ 15,439.73 | | | | | $ 47,152.67 |
| Repair & Maintenance | | | | | | 1,047.74 | | | 1,047.74 | | 2,095.48 |
| Legal/Administrative Fees | 6,987.00 | | | 12,000.00 | 4,000.00 | | | | 2,000.00 | 4,000.00 | 28,987.00 |
| Supplies | 66.33 | | 500.00 | | | 800.00 | | | | 800.00 | 2,166.33 |
| TDT | | | | | | | | | | | 0.00 |
| TDT - Fuel | 250.00 | | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 2,250.00 |
| Total TDT | $ 250.00 | $ 0.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 250.00 | $ 2,250.00 |
| Technology & Software | | | 1,919.13 | 925.27 | 925.27 | 925.27 | | 928.55 | | 3,750.00 | 9,373.49 |
| Total Expenses | $ 63,028.99 | $ 0.00 | $ 134,408.68 | $ 51,460.19 | $ 55,934.79 | $ 51,488.76 | $ 71,284.42 | $ 33,895.95 | $ 56,624.66 | $ 42,255.76 | $ 560,382.20 |
| Net Operating Income | ($1,209.70) | $65,000.00 | ($65,408.68) | $15,539.81 | $22,065.21 | $17,511.24 | ($1,284.42) | $34,104.05 | $25,375.34 | $30,744.24 | $142,437.09 |
| Net Cash Flow | ($1,209.70) | $65,000.00 | ($65,408.68) | $15,539.81 | $22,065.21 | $17,511.24 | ($1,284.42) | $34,104.05 | $25,375.34 | $30,744.24 | $142,437.09 |

Sunday, Sep 29, 2019 01:59:38 PM GMT-7 - Cash Basis