| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **Civitas Health Services, Inc. and LeMar Allen Bowers** |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF VIRGINIA |
| Case number (if known) | **19-34993 and 20-34139** |

x ☐ Check if this is an amended filing

Official Form 425A

# Amended Joint Plan of Reorganization for Small Business Under Chapter 11
02/20

**Joint Plan of Reorganization of Civitas Health Services, Inc. and LeMar A. Bowers**, Dated   **December 11,2020**
]
**Background for Cases Filed Under Subchapter V**

    **A. Description and History of the Debtor's Business**
        See Attached Exhibit A

    **B. Liquidation Analysis**
        To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit **B**.

    **C. Ability to make future plan payments and operate without further reorganization**
        The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

        The Plan Proponents have provided projected financial information as Exhibit **C** for the Corporate Debtor and Exhibit **D** for the Individual Debtor.

        The corporate plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of   more than **$1,100,000.00** over 5 years the individual Debtor' schedules reflect $1,500 in disposable monthly income available for plan funding.

        The final Plan payment is expected to be paid on **January 2026**.

        **You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

### Article 1: Summary

This Plan of Reorganization (the *Civitas Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **Civitas Health Services, Inc.** (the *Debtor*) from [Specify sources of payment, such as an infusion of capital, loan proceeds, sale of assets, cash flow from operations, or future income].

This Plan provides for:    **10**    classes of priority claims;
                      **5**    classes of secured claims*; (*Three nominally secured claims are either unperfected or trumped by the IRS secured claim.)
                      **1**    class of non-priority unsecured claims; and
                      **1**    classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **7** cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.

This Plan of Reorganization (the *Bowers Plan*) under Chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay secured creditors of **LeMar Allen Bowers** (the *Debtor*) pursuant to his spouse's Chapter 13 Plan in the case of In Re: Melanie Hall Bowers, Case No. 20-33854, pending in this Court.

This Plan provides for:    **1**    classes of priority claims;
                      **5**    classes of secured claims*; (*Three nominally secured claims are either unperfected or trumped by the IRS secured claim.)
                      **1**    class of non-priority unsecured claims; and

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **7** cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

| Debtor | Civitas Health Services, Inc. | Case number (*if known*) | 19-34993 |
|---|---|---|---|
| | Name | | |

## Article 2: Classification of Claims and Interests

The proponents have attached claim charts setting forth the claims against the Company and the individual as Exhibits E (corporate ), and F.(individual)..

| | | |
|---|---|---|
| 2.01 | **Class 1: Priority prepetition Employee wages 507(a) (4)** | |
| 2.02 | **Class 2: Priority Employee Benefits §507 (a)(5) (Anthem)** | |
| 2.03 | **Class 3: Priority Employee Benefits §507(a)(5)(United Healthcare)** | |
| 2.04 | **Class 4: IRS Priority taxes § 507(a)(8)** | |
| 2.05 | **Class 5: Henrico Cty 507(a)(8)(B) (personal property)** | |
| 2.06 | **Class 6: Henrico Cty (Bus lic) 507(a)(8)(A)** | |
| 2.07 | **Class 7: City of VB 507(a)(8)(A)** | |
| 2.08 | **Class 8: City of Ches. (Bus lic) 507(a)(8)(A)** | |
| 2.09 | **Class 9: VEC 507(a)(8)(A (Unemployment)** | |
| 2.10 | **Class 10: VA Dept of Tax 507(a)(8)(A   (WH)** | |
| 2.11 | **Class 11: IRS Secured Claim** | |
| 2.12 | **Class 12: Direct Capital Secured Claims (autos)** | |
| 2.13 | **Class 13: M&M Automotive Secured Claim (autos)** | |
| 2.14 | **Claim 14: General unsecured claims and Nominally secured claims of Knight Capital, SPG Advance, Kabbage and On Deck Capital** | |

## Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims and priority tax claims are not typically in classes. Due to the number and diversity of priority claims the proponents have established classes for priority claims for clarity only. |
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid pursuant to § 1129(a)(9)(C) of the Code. |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code |

## Article 4: Treatment of Claims and Interests Under the Plan

Debtor **Civitas Health Services, Inc.** Case number (*if known*) **19-34993**
Name

**4.01** **Claims and interests shall be treated as follows under this Plan and pursuant to the attached Projection:**

| Class | Impairment | Treatment |
|---|---|---|
| **Class 1 - Priority claims pre-petition Employee Wage** | X ☐ Impaired<br>☐ Unimpaired | Class 1 is unimpaired by this Plan. Each holder of a Class 1 Priority Claim will be paid in full, in cash, over the 6 months after the effective date.. |
| **Class 2: Priority Employee Benefits (Anthem)** | ☒ Impaired<br>☐ Unimpaired | The Debtor asserts that a claim for unpaid insurance premiums owed to a third party does not constitute an employee benefit obligation entitled to the priority claimed under 11USC. 507 (a)(5) An objection will be filed seeking to treat this claim as general unsecured. |
| **Class 3: Priority Employee Benefits (United health)** | ☒ Impaired<br>☐ Unimpaired | The Debtor asserts that a claim for unpaid insurance premiums owed to a third party does not constitute an employee benefit obligation entitled to the priority claimed under 11USC. 507 (a)(5 An objection will be filed seeking to treat this claim as general unsecured. |
| **Class 4: IRS Priority Taxes** | ☐ Impaired<br>☒ Unimpaired | Priority tax claims are not typically incorporated into classes. The Debtor classifies the claim here for clarity only. The Debtor proposes to pay the IRS claim, pursuant to 1192(a)(9)(c), in full over 5 years including escalating monthly payments as set forth in the budget plus semi-annual distributions of net operating income. The Debtor also proposes establishment of a capital reserve fund which may be tapped to make payments. In addition, LeMar Bowers, principal of the Debtor and Joint Proponent of this Plan has $,1,500 per month in Disposal Monthly Income which will be paid to the IRS claim for which he is personally liable. Although uncertain the Corporate Debtor also proposes payment of 25% net profits every 6 months. |
| Class 5: **Class 5: Henrico Cty (personal property)** | ☒ Impaired<br>☐ Unimpaired | Henrico County personal property tax claim will be paid prorata with other property and business license taxes via pro rata distribution of $400per month. |
| **Class 6: Henrico Cty (Bus Lic)** | ☒ Impaired<br>☐ Unimpaired | Henrico County business license claim will be paid prorata with other property and business license taxes via pro rata distribution of $400 per month |
| **Class 7: City of VB** | ☒ Impaired<br>☐ Unimpaired | City of Virginia Beach personal property tax claim will be paid prorata with other property and business license taxes via pro rata distribution of $400 per month. |
| **Class 8: City of Ches. (Bus Lic)** | ☒ Impaired<br>☐ Unimpaired | City of Chesapeake business license claim will be paid prorata with other property and business license taxes via pro rata distribution of $400 per month. |
| **Class 9: VEC Unemployment** | ☒ Impaired<br>☐ Unimpaired | |
| **Class 10: VA Dept of Tax (WH)** | ☐ Impaired<br>☒ Unimpaired | The Virginia Department of Taxation claim for withholding taxes will be paid in monthly increments of$1,851.13 for 60 months. |
| **Class 11: IRS Secured Claims** | ☐ Impaired<br>☒ Unimpaired | The IRS secured claim will be paid in conjunction with payments of the IRS priority claim set forth above. |

| | | | |
|---|---|---|---|
| **Class 12: Direct Capital Secured Claims** | ☒ Impaired<br>☐ Unimpaired | The purchase money Secured Claim of Direct Capital will be paid in monthly payments of $619, until paid in full. | |
| **Class 13: M & M Automotive Secured Claims** | ☒ Impaired<br>☐ Unimpaired | The purchase money Secured Claim of M&M Automotive will be paid in monthly payments of $84.11, until paid in full. | |
| **Class 14: General unsecured claims and Nominally secured claims of United Health Care, Anthem, Capital, SPG Advanced, Kabbage and On Deck Capital** | ☒ Impaired<br>☐ Unimpaired | General unsecured claims as well as nominally secured claims for which no security interest was perfected, and including perfected claims which are trumped by the IRS' NFTL are treated as unsecured. The Debtor proposes paying $833.00 per month for 60 months of the Plan. | |

## Article 5: Allowance and Disallowance of Claims

5.01  **Disputed Claim**    A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either:
(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or
(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02  **Delay of distribution on a disputed claim**    No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03  **Settlement of disputed claims**    The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Article 6: Provisions for Executory Contracts and Unexpired Leases

6.01  **Assumed executory contracts and unexpired leases**    none

(b)  Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than **45 days** after the date of the order confirming this Plan.

## Article 7: Means for Implementation of the Plan

The Debtor will fund the Plan through operations. In addition the Debtor' principal LeMar Bowers may contribute to "Trust" portion of unpaid taxes.

## Article 8: General Provision

8.01  **Definitions and rules of construction**    The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:
[Insert additional definitions if necessary].

8.02  **Effective Date**    The effective date of this Plan is the first business day following the date that is 30 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

8.03  **Severability**    If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

Debtor  **Civitas Health Services, Inc.**                                  Case number (*if known*)  **19-34993**
        Name

| | | |
|---|---|---|
| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| [8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of **Virginia** govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.] |
| [8.07 | **Corporate Governance** | Control of the reorganized Debtor will remain with Lemar Bowers. |
| [8.08 | **Retention of Jurisdiction** | Language addressing the extent and the scope of the bankruptcy court's jurisdiction after the effective date of the plan.] |

### Article 9: Discharge

**[Discharge if the Debtor is a corporation under Subchapter V]**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

(i) imposed by this Plan; or

(ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

(i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192;

or

(ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### Article 10: Other Provisions

[Insert other provisions, as applicable.]

> **Default:  Pursuant to 1193(c)(3)(B), secured creditors retain their liens if not treated as unsecured under the confirmation order. In the event of default under the Plan after 30 days notice to cure to the Debtor and counsel for the Debtor, such creditors shall be entitled to relief from any stay then as in effect and entitled to exercise their legal rights as to their collateral.**

Respectfully submitted,

**X** /s/ LeMar Allen Bowers                                            **LeMar Allen Bowers**
Individually and Designee of Civitas Health Services, Inc.]             [Printed name]

**X** /s/ W. Greer McCreedy, II                                         **W. Greer McCreedy, II 27681**
Counsel for Civitas                                                     [Printed name]

/s/ James E. Kane
Counsel for LeMar Allen Bowers